## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UKA MIN TUN-AUNG MIN,

       Plaintiff,

v.                                               No. 1:25-cv-00010-MIS-DLM

EAINT POE OU,
BO BO OO,
KYAW NAING and
KHIN SAN AYE,

       Defendants.

## ORDER OF DISMISSAL

*Pro se* Plaintiff alleged Defendants have been "supporting money million dollars for terrorist group in Myanmar illegally smuggling firearms and illegally sent it million dollars for money laundering killing people. Selling illegally into import food in U.S." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3, ECF No. 1, filed January 6, 2025 ("Complaint"). There are no other factual allegations in the Complaint.

United States Magistrate Judge Damian L. Martinez notified Plaintiff:

The Complaint fails to state a claim upon which relief can be granted. The only allegations in the Complaint indicate Defendants are violating laws. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). There are no allegations explaining what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

The Complaint indicates Defendants reside in California. (*See* Complaint at 1-2 (stating Defendants are citizens of Myanmar and are employed in California). The Complaint does not contain factual allegations showing that the Court has personal

> jurisdiction over the nonresident Defendants. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).
>
> It appears that this Court is not the proper venue for this action because there are no allegations that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico. *See* 28 U.S.C. § 1391(b).

Order to Show Cause at 1-2, ECF No. 5, filed January 7, 2025. Judge Martinez ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 5.

Plaintiff filed a Response to the Order to Show Cause but did not file an amended complaint by the January 28, 2025, deadline. *See* Response, Doc. 7, filed January 28, 2025. The two-page Response states Defendants were supporting a terrorist group in Myanmar, involved with illegally importing food into the United States and money laundering. *See* Response at 1-2. Plaintiff asks the Court to "move forward for my complaint and action" stating "I do have a lot of evidences and including photos, videos, and much information." Response at 2. The Response does not set forth any argument supported by legal authority showing that the Court should not dismiss the Complaint for failure to state a claim and does not explain what each Defendant did to Plaintiff, when each Defendant did it, or what specific legal right Plaintiff believes each Defendant violated.

The Court dismisses this case because: (i) the Complaint fails to state a claim upon which relief can be granted; (ii) the Response does not show why the Court should not dismiss this Complaint for failure to state a claim; and (iii) Plaintiff has not filed an amended complaint that states a claim over which the Court has jurisdiction.

**Applications to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

Plaintiff filed an Application to proceed *in forma pauperis* that indicated the combined monthly income of Plaintiff and Plaintiff's spouse exceeds their monthly expenses by $4,720.00. *See* Application to Proceed in District Court Without Prepaying Fees or Costs at 2, 5, ECF No. 2, filed January 6, 2025 ("Application").  Judge Martinez notified Plaintiff that the Application indicates Plaintiff is able to pay the fees and costs of this action and ordered Plaintiff to file an amended Application that clarifies Plaintiff's income, expenses and ability to pay the fees and costs of this action.  *See* Order to Show Cause at 3, 5.  Plaintiff's Amended Application shows that the combined monthly income of Plaintiff and Plaintiff's spouse exceeds their monthly expenses by $4,720.00.  *See* Amended Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 6, filed January 21, 2025.

The Court denies Plaintiff's Amended Application because Plaintiff has not shown that Plaintiff is unable to pay the fees and costs of this action.  Because Plaintiff has filed an Amended Application, the Court denies Plaintiff's original Application as moot.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)    Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 6, filed January 21, 2025, is **DENIED.**

(iii)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, filed January 6, 2025, is **DENIED as moot.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE